Igor TINTOR, Petitioner,

v.

Alberto R. GONZALES,[1] Board
of Immigration Appeals,
Respondents.

Nos. 02–4676–ag (L), 04–4122–ag (con).

United States Court of Appeals,
Second Circuit.

Aug. 3, 2007.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Douglas Rosenthal, The Rosenthal Law Firm, New York, NY, for Petitioner.

Christopher J. Christie, United States Attorney for the District of New Jersey, Allan B.K. Urgent, Assistant United States Attorney, Newark, NJ, for Respondents.

PRESENT: Hon. WILFRED FEINBERG, Hon. JOSÉ A. CABRANES, Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Igor Tintor, a native of the former Yugoslavia and citizen of Croatia, seeks review of an October 1, 2002 order of the BIA affirming the March 9, 2000 decision of Immigration Judge ("IJ") Sandy Hom denying his applications for asylum, withholding of removal, relief under the Convention Against Torture ("CAT"), and cancellation of removal.[2] *In re Igor Tintor*, No. A29 757 760 (B.I.A. Nov. 17, 2005), *aff'g* No. A29 757 760 (Immig. Ct. N.Y. City Mar. 9, 2000). He also challenges a June 29, 2004 order of the BIA denying his motion to reopen. *In re Igor Tintor*, No. A29 757 760 (B.I.A. June 29, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

### A. *The BIA's October 2002 Order*

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). We review legal issues, and the application of law to fact, *de novo*. *See Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). However, we review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

■ In this case, a reasonable fact-finder would not be compelled to conclude that Tintor demonstrated past persecution or a well-founded fear of persecution based on his political opinion or ethnic and religious background. As the IJ noted, Tintor provided very little detail regarding the nature or extent of his political activities in 1988 and 1989, and no detail regarding his arrest, despite repeated probing from his attorney. Because his testimony was insufficient to allow the IJ to determine whether he experienced harm on account of his political opinion, rising to the level of persecution, the IJ properly found the testimony too vague to sustain Tintor's burden of proof. *Cf. Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 151–52 (2d Cir.2003). To the extent he claimed to fear persecution based on his mixed ethnic and religious background, the IJ reasonably noted that he failed to provide any detail regarding harm that he or his parents had experienced on account of his parents' mixed marriage. Moreover, in light of these testimonial deficiencies, the IJ reasonably faulted Tintor for his failure to provide any corroboration for his claims, particularly when he was granted a continuance for the express purpose of producing witnesses and failed to do so. *Cf. Diallo v. INS*, 232 F.3d 279, 289–90 (2d Cir.2000). Accordingly, the IJ reasonably found that Tintor failed to meet his burden or proof for asylum, withholding, or CAT relief, on any factual basis.

---

**2.** Tintor does not challenge the IJ's denial of his application for cancellation of removal in his brief; accordingly, we find that he has waived this claim. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1 (2d Cir.2005).

658

### B. *The BIA's June 2004 Order*

We review the agency's denial of a motion to reopen for an abuse of discretion. *See Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.*

■ In this case, the BIA did not abuse its discretion in denying Tintor's motion as untimely, when it was filed over 19 months after the BIA upheld the denial of relief. With certain limited exceptions not relevant here, the regulations require that a motion to reopen be filed within 90 days of the final administrative decision. 8 C.F.R. § 1003.2(c)(2). Because the government opposed Tintor's motion, the untimely filing was a sufficient reason for the BIA to deny the motion. *See Matter of Velarde–Pacheco,* 23 I. & N. Dec. 253, 255–56 (BIA 2002) (noting five independent conditions that must be met in order for the BIA to grant a motion to reopen filed to allow the alien to pursue an adjustment application). The broad challenges Tintor raises to the BIA's decision in his brief to this Court fail to persuade us that the BIA abused its discretion.

We have considered all of Tintor's other arguments raised in his petition for review and find them to be without merit. For the foregoing reasons, the petition for review is DENIED. Having completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).